# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                         No. CR 07-616  JB

ROBERT GUY ROGERS JR.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Formal Objections to Pre-Sentence Report, filed December 7, 2007 (Doc. 41); and (ii) the Defendant's Sentencing Memorandum and Request for a Reasonable Sentence and for Downward Variances Under 18 U.S.C. Section 3553, filed December 7, 2007 (Doc. 42).  The Court held a hearing on January 7, 2007.  The primary issues are: (i) whether the United States violated the plea agreement, which prohibited it taking a position on "[t]o the extent that [Rogers'] downward departure motion or § 3553(a) variance request is premised on an allegation that [Rogers'] criminal history category is overrepresented," see Plea Agreement ¶ 9e, at 5-6, filed August 31, 2007 (Doc. 35)("Plea Agreement"); and (ii) whether the Court should sustain Defendant Robert Guy Roberts Jr. formal objections to the Presentence Investigation Report ("PSR"), disclosed October 26, 2007.  Because the Court believes that the United States breached part of ¶ 9e in its Plea Agreement with Rogers, and believes that it should recuse itself from Rogers' case as a result of the breach, the Court will not rule on Rogers' objections and motion for a downward departure, or requests for variances.  The Court orders that the United States withdraw the United States' Response to Defendant's Objections

to Presentence Report and Defendant's Sentencing Memorandum (Doc. 45) and resubmit a response that corresponds with its obligation in paragraph ¶ 9e of the Plea Agreement. The Court also orders Rogers to withdraw Defendant's Reply to United States' Response to Defendant's Objections to Pre-Sentence Report and Defendant's Sentencing Memorandum (Doc. 46), and resubmit a reply in response to the  United States' new response ordered above.  The Court will thus recuse itself and have this matter submitted to a new judge untainted by the arguments made in the withdrawn response.

## FACTUAL BACKGROUND

Rogers has five adult misdemeanor criminal convictions:

1.      In 1998, at eighteen years of age, and almost nine years before the federal indictment in this district, Rogers possessed a stolen stereo speaker he purchased for $20.00.  See PSR ¶ 29, at 9-10.

2.      In 2000, at the age of nineteen, and almost seven years before the federal indictment in this district, Rogers shoplifted three shirts valued at $92.00 from a department store.  See PSR ¶ 30, at 10; Sentencing Memorandum and Request for a Reasonable Sentence, and for Downward Variances under 18 U.S.C. Section 3553 at 2, filed December 7, 2007 (Doc. 42)("Sentencing Memo.").

3.      In 2001, at age 20, and six years before the federal indictment in this district, Rogers, during a short, contentious breakup with his long-time girlfriend, Rosalyn Garcia, with whom he continues a ten-year relationship, pled guilty to Larceny Over $100 and Less Than $250, for taking some clothing from her apartment.  See PSR ¶ 31, at 10-11; Sentencing Memo. at 2.

4.      In 2003, at the age of twenty-two, and four years before the federal indictment in this district, Rogers pled guilty without advice of counsel to Petty Larceny for taking one concrete

landscaping block valued at $2.00 by its owner.  <u>See</u> PSR ¶ 32, at 11-12; Sentencing Memo. at 2.

     5.      In 2004, at the age of twenty-three, and three years before the federal indictment in this district, Rogers pled guilty, after waiving counsel, to Driving While Intoxicated, First Offense. <u>See</u> PSR ¶ 33, at 12.

     The sum of the maximum jail sentencing exposures on the five convictions is twenty-seven months incarceration, or less than six months per conviction.  <u>See</u> Sentencing Memo. at 3.  Before his Massachusetts federal arrest in November 2005, Rogers had spent less than twenty days in custody.  <u>See</u> PSR ¶ 41, at 15-16.  Of the five sentences, two were deferred sentence for which Rogers successfully completed all conditions.  <u>See</u> Sentencing Memo. at 3.  Three sentences were suspended with probation imposed.  <u>See</u> <u>id.</u>

     Rogers had one supervised probationary term of 364 days.  <u>See</u> <u>id.</u>  The sum of his two unsupervised probationary terms was eighteen months, less one day.  <u>See</u>  <u>id.</u>  In each instance, Rogers successfully completed the probation.  <u>See</u> <u>id.</u>

     In the five cases, Rogers performed seventy-six hours of community service and paid $165.00 in costs and fees.  <u>See</u> <u>id.</u>  None of these convictions were crimes of violence.  <u>See</u> <u>id.</u>  None of these convictions were drug-related.  <u>See</u> <u>id.</u>

## PROCEDURAL BACKGROUND

     On August 31, 2007, the United States and Rogers entered into a Plea Agreement.  <u>See</u> Plea Agreement.  In the Plea Agreement, the United States stipulated that

> [Rogers] retains his right to move for downward departure under the Sentencing Guidelines, and to request under 18 U.S.C. § 3553(a) a sentencing variance from the recommended advisory guideline range.  To the extent that [Rogers'] downward departure motion or § 3553(a) variance request is premised on an allegation that [Rogers'] criminal history category is overrepresented, the United States takes no position.  The United States retains the right to object to any <u>other</u> motion for downward departure or request for variance.

Plea Agreement ¶ 9e, at 5-6 (emphasis in the original).  The United States Probation Office ("USPO") disclosed the PSR for Rogers on October 26, 2007.  See PSR at 2.  In the PSR, the USPO recognized the provision contained within ¶ 9e of  the Plea Agreement.  See PSR ¶ 4, at 4.

On December 7, 2007, Rogers filed a sentencing memorandum requesting variances from the advisory guideline range under 18 U.S.C. § 3553.  See Sentencing Memo.  Rogers argued that he "is a 26 year old first time felony offender and a petty thief with a drug and alcohol problem." Id. at 8.  Rogers contended that he had no history of violent crime and had not used weapons in the past.  See id.  Rogers noted that

> In criminal history category III, Section 3147(1) consecutive sentencing under the advisory guidelines increases Mr. Rogers' advisory sentencing range by 34 to 43 months by raising his exposure from 87 to 108 months at level 27 to 121 to 151 months at level 30. In criminal history category II, the Section 3147(1) sentencing enhancement increases Mr. Rogers' advisory sentencing range by 30 to 38 months (from a range of 78 to 97 months at level 27 to a range of 108 to 135 months at level 30).

Sentencing Memo. at 6 (emphasis in the original).  Rogers further contended that "it is rare that a violation of supervision, in this case supervision for a pending allegation, results in a sanction approaching the range of 34 to 43 months." Id.

On January 2, 2008, the United States responded to Rogers' sentencing memorandum.  See United States' Response to Defendant's Objections to Presentence Report and Defendant's Sentencing Memorandum, filed January 2, 2008 (Doc. 45)("Response").  In its Response, the United States acknowledged that it agreed to take no position on the Defendant's request for a departure based on overrepresented criminal history.  See Response at 7.  In section C of its Response, the United States disputed Rogers' arguments for variance under 18 U.S.C. § 3553(a).  The United States argued that

> [Rogers'] description of himself as a "first time felony offender" is wide of the mark.

He has repeatedly committed felonies, including the felonies that he is facing in Massachusetts. What he really means to say is this is the first time he has been <u>convicted</u> of a felony. But just because he has eluded the felony criminal justice system until now is no cause for leniency; § 3553 does not restrict a court's consideration solely to convictions. Rather, all of his criminal behavior -- whether it has resulted in conviction or not -- is relevant as part of his "history and characteristics."

Response at 10. The United States further contended that "[t]hus, when the Court examines the full context of [Rogers'] criminal behavior -- and does not just consider the narrow circumstances of the two undercover sales -- the Court will see a much clearer picture of the danger that [Rogers] presents to this community." <u>Id.</u> at 11. The United States urged that "[t]he Court would do well to focus on [Rogers'] pre-arrest actions, rather than his pre-sentencing promises, in determining what kind of sentence is necessary not only to deter him from committing further crimes, but to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" <u>Id.</u> (quoting 18 U.S.C. § 3553(a)(2)(A)). The United States concluded that "[g]iven [Rogers'] background, his lengthy, growing, and intensifying criminal history, and the fact that he resumed his criminal lifestyle while on pretrial release on another serious federal drug case, the United States urges the Court not to accord [Rogers] any below-the-guideline-range leniency." Response at 11.

On January 4, 2008, Rogers replied to the United States' Response. <u>See</u> Defendant's Reply to United States' Response to Defendant's Objections to Pre-Sentence Report and Defendant's Sentencing Memorandum, filed January 4, 2008 (Doc. 46)("Reply"). Rogers contended that "more than half of [the United States'] twelve-page Response . . . [was] a violation of the plea stipulation 'to take no position on Defendant's request for a departure based on over-representation of criminal history category.'" Reply ¶ 13, at 4 (quoting Plea Agreement ¶ 9e, at 5-6). Rogers contended that "[t]he United States throws its pitches high in the zone of criminal history to attempt to circumvent

the contractual language of the plea agreement."  Reply ¶ 16, at 5.

On January 7, 2007, Rogers filed a series of objections to his PSR.  <u>See</u> Defendant's Formal Objections to Pre-Sentence Report, filed December 7, 2007 (Doc. 41)("Rogers' Objections"). Rogers objects to allegations of gang affiliation or membership made in the PSR, objects and denies "the interpretation of alleged events in Massachusetts" in PSR ¶ 41, at 15-16, and asks for various corrections regarding his relationship with his step-siblings and employment history.  <u>See</u> Rogers' Objections at 1-7.

The Court held a hearing on this matter on January 7, 2008.  Rogers argued that the United States' reference to information alleging that Rogers has engaged in drug trafficking for a decade before his arrest in this case breached the plea agreement.  <u>See</u> Transcript of Hearing (taken January 7, 2008)("Tr.") at 4:9-23 (Court & Tallon).[1]  Rogers clarified that he is only alleging that the United States violated one of the non-binding stipulations in the Plea Agreement that stated the United States would take no position with respect to arguments made by Rogers that his criminal history was overstated.  <u>See</u> <u>id.</u> at 4:20-5:2 (Tallon).

The United States conceded that the language in the Plea Agreement was "not the most artfully  drafted sentence and the law requires you to construe it . . . against the United States.  So [the Court] should do that."  <u>Id.</u> at 9:21-23 (Fouratt).  The United States observed that the criminal history of a defendant "permeates a number of the other [§ 3553(a)] factors because when [the Court tries] to come up with a sentence that [deters] him and i[s] appropriate . . . [the Court] ha[s] to take into account his criminal history."  <u>Id.</u> at 11:15-21 (Fouratt).  The United States explained that it "tried to respond to arguments made by the defense attorney that [it] believed were outside the rubric

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

of criminal history category . . ." Id. at 12:7-9 (Fouratt).  The United States represented that, were the Court to reduce Rogers classification to a category I, and sentence him consistent with that range, the United States would not appeal the sentence.  See id. at 12:17-21 (Fouratt).  Rogers indicated that, if the Court were to sentence Rogers consistent with a criminal history category of I, the advisory guideline range would be 97 to 121 months.  See id. at 16:15-18 (Tallon).

The United States argued that for Rogers to want the Court to "zero in on two sales of methamphetamine and essentially exclude everything else in an incomplete factual record  . . it[ ]s [the United States'] obligation to make sure that [the Court] ha[s] the whole facts and then on those legal dispute on which [it] ha[s] agreed to take no position, [it] take[s] no position."  Id. at 14:2-7 (Fouratt).  The United States argued that the language "takes no position" does not require it to stand idly by while the factual record before the Court is in a "meaningfully incomplete[,] and in some ways[,] misleading condition."  Id. at 14:8-11 (Fouratt).

## LAW REGARDING BREACH OF PLEA AGREEMENTS

"Due process requires that when a plea rests to any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  United States v. Rockwell Intern. Corp., 124 F.3d 1194, 1199 (10th Cir. 1997)(internal quotations omitted).  The Court "shall not impose duties on the government that are not an express or implied part of its agreement with the defendant."  United States v. Furman, 112 F.3d 434, 439 (10th Cir. 1997).

Interpreting the terms of a plea bargain involves a two-step process.  See Cunningham v. Diesslin, 92 F.3d 1054, 1059 (10th Cir. 1996).  First, the court must examine the nature of the prosecutor's promise.  See id.  This means that the court reviews the government's obligations by reviewing the express language of the plea agreement itself.  See United States v. Brye, 146 F.3d

1207, 1210 (10th Cir. 1998).  Second, "the court examines this promise based upon the defendant's reasonable understanding upon entry of the guilty plea."  Id. The defendant bears the burden "of proving the underlying facts establishing the breach by a preponderance of the evidence."  See Cunningham v. Diesslin, 92 F.3d at 1059.

"Rules of contract law inform the interpretation and enforcement of promises in a plea agreement."  United States v. Rockwell Intern. Corp., 124 F.3d at 1199.   "General principles of contract law define the government's obligations under the [plea] agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement."  United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003).  "[I]f the pleadings reveal a factual dispute on the issue of breach of a plea agreement, the district court must hold a hearing to resolve the factual issues."  Id. at 1196 (internal quotations and alterations omitted).

When an appellate court has determined that the government has breached a plea agreement, "it is generally preferable to remand the case to the district court for its determination as to whether [the] defendant should be resentenced [by] a different judge or should be allowed to withdraw his guilty plea."  United States v. Brye, 146 F.3d at 1213.  Resentencing before a different judge is the "pro forma" remedy for breach of a plea agreement and is usually afforded.  United States v. Mata-Vasquez, 111 Fed.Appx. 986, 991 (10th Cir. 2004).  See, e.g., United States v. Cachucha, 484 F.3d 1266, 1271 (10th Cir. 2007); United States v. Brye, 146 F.3d at 1213.

Recently, the United States Court of Appeals for the Tenth Circuit suggested that resentencing may be permissible before the same sentencing judge.  See United States v. Vandam, 493 F.3d 1194, 1206 (10th Cir. 2007).  In United States v. Vandam, the defendant requested that the government be required to fulfill its promises in the plea agreement in front of the same sentencing judge.  See id.  The Tenth Circuit noted that "the choice of remedy rests with the court rather than

-8-

the defendant." Id. (citing Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir. 1995), cert. denied, 516 U.S. 1000 (1995)).  The Tenth Circuit noted that Santobello v. New York, 404 U.S. 257, 263 (1971), "did not prohibit same-judge resentencing in all instances."  United States v. Vandam, 493 F.3d at 1206.  The Tenth Circuit decided that resentencing by the same judge would not "threaten the institutional principles that motivated Santobello[ v. New York]'s call for judicial reassignment, particularly because it is the defendant -- the individual victim of the breach -- who is requesting [remand to the same judge]."  Id.  The Tenth Circuit emphasized that it "in no way endorse[d] the position that remand to the same judge is the usual remedy." Id. at 1206 n.8 (surveying cases from circuits remanding cases for sentencing in front of a different judge and noting that the D.C. circuit has adopted the view that remand to the same judge is the usual remedy).

## ANALYSIS

The Court believes that there was a promise between the United States and Rogers contained within the Plea Agreement that the United States would take no position on Rogers' requests for a downward departure or variance under § 3553(a) based upon an overrepresented criminal history category.  The United States breached its part of ¶ 9e of its Plea Agreement with Rogers by opposing Rogers' request for a variance based upon his argument that his criminal history is overrepresented. Because the Court believes that the United States breached part of its Plea Agreement with Rogers and believes that it should recuse itself from Rogers case, the Court will not rule on Rogers' objections, motions, or requests.  The Court orders that the United States withdraw United States' Response to Defendant's Objections to Presentence Report and Defendant's Sentencing Memorandum (Doc. 45) and resubmit a response that corresponds with its obligation in paragraph ¶ 9e of the Plea Agreement.  The Court also orders the Defendant to withdraw Defendant's Reply to United States' Response to Defendant's Objections to Pre-Sentence Report and Defendant's

Sentencing Memorandum (Doc. 46), and resubmit a reply in response to the  United States' new

response that the Court has ordered.

I.      **THE UNITED STATES BREACHED THE PLEA AGREEMENT BY POINTING OUT ROGERS' CRIMINAL HISTORY IN RESPONSE TO ROGERS' REQUEST FOR A VARIANCE UNDER 18 U.S.C. § 3553(a).**

        A.      **THE NATURE OF THE PROSECUTOR'S PROMISE TO ROGERS.**

        The Court begins by examining the nature of the United States' promise to Rogers.  See

Cunningham v. Diesslin, 92 F.3d at 1059.  The Court conducts this examination by reviewing the

express language of the plea agreement itself.  See United States v. Brye, 146 F.3d at 1210.  In the

Plea Agreement, the United States stipulated that

> [Rogers] retains his right to move for downward departure under the Sentencing
> Guidelines, and to request under 18 U.S.C. § 3553(a) a sentencing variance from the
> recommended advisory guideline range.  To the extent that [Rogers'] downward
> departure motion or § 3553(a) variance request is premised on an allegation that
> [Rogers'] criminal history category is overrepresented, the United States takes no
> position.  The United States retains the right to object to any other motion for
> downward departure or request for variance.

Plea Agreement ¶ 9e, at 5-6 (emphasis added).

        The United States agreed, under the plain language of the Plea Agreement, not to take a

position on Rogers' requests for downward departure or variance under § 3553(a) based upon an

argument that his criminal history category is overrepresented.  The United States acknowledged

in its Response to Rogers' Sentencing Memorandum that it agreed to take no position on the

Defendant's request for a downward departure based on overrepresented criminal history.  See

Response at 7 (emphasis added).  At the hearing on this matter, the United States conceded that the

language in the Plea Agreement was "not the most artfully  drafted sentence and the law requires

you to construe it . . . against the United States.  So [the Court] should do that."  Id. at 9:21-23

(Fouratt).

The Court does not believe that "the pleadings reveal a factual dispute on the issue of breach of a plea agreement."  United States v. Guzman, 318 F.3d at 1196. Although the Court invited the parties to present evidence and argument on the factual issue, neither side presented evidence other than the plea agreement and their briefing.  Accordingly, the Court's task is to determine the factual and legal issue of breach largely from a review of the United States' response.

The United States made a promise in its Plea Agreement with Rogers not to take a position with regard to any argument for a departure or variance based upon his contention that his criminal history category was overrepresented.  While the United States has been careful not to oppose any motion for a downward departure in Rogers' criminal history, it has not been as precise in its arguments opposing Rogers' request for a variance.  Because Rogers primarily asked for a variance based on overrepresentation rather than for a departure based on overrepresentation, the United States' response can be fairly read as opposing a variance based on overrepresentation.

**B.    ROGERS' REASONABLE UNDERSTANDING OF THE PLEA AGREEMENT UPON ENTERING HIS PLEA OF GUILTY.**

Next "the [C]ourt examines this promise based upon the defendant's reasonable understanding upon entry of the guilty plea," United States v. Brye, 146 F.3d at 1210, while cognizant that Rogers bears the burden of proving the facts underlying the breach by a preponderance of the evidence, see Cunningham v. Diesslin, 92 F.3d at 1059. In his Reply to the United States' Response to his Sentencing Memorandum, Rogers contended that "more than half of its twelve-page Response  . . . [was] a violation of the plea stipulation 'to take no position on Defendant's request for a departure based on over-representation of criminal history category.'" Reply ¶ 13, at 4 (quoting Plea Agreement, ¶ 9e, at 5-6). The United States disputed, in section C of its Response, Rogers' arguments for a variance under 18 U.S.C. § 3553(a) based on overrepresented

criminal history.  See Response at 10-11.

The United States argued "just because [Rogers] has eluded the felony criminal justice system until now is no cause for leniency; § 3553 does not restrict a court's consideration solely to convictions.  Rather, all of [Rogers'] criminal behavior -- whether it has resulted in conviction or not -- is relevant as part of his 'history and characteristics.'"  Response at 10.  At the hearing on this matter, the United States contended that the criminal history of a defendant "permeates a number of the other [§ 3553(a)] factors because when [the Court] [tries] to come up with a sentence that [deters] him and i[s] appropriate . . . [the Court] ha[s] to take into account his criminal history."  Tr. at 9:21-23 (Fouratt).

The Court believes that under "[g]eneral principles of contract law defin[ing] the government's obligations under the [plea] agreement" it should "constru[e] any ambiguities against the government as the drafter of the agreement."  United States v. Guzman, 318 F.3d at 1195. Although the Court does not believe that the United States breached ¶ 9e of its Plea Agreement with Rogers regarding Rogers' arguments concerning a downward departure, it does believe that the United States violated ¶ 9e  of the Plea Agreement by taking a position on Rogers' argument for a variance under 18 U.S.C.  § 3553(a).  The unusually broad wording of ¶ 9e, and the fact that Rogers chose to couch his arguments largely in terms of a request for a variance from the advisory guideline sentence rather than a motion for downward departure under the guidelines apparently caused the problems with the United States' response.

### C.   THE COURT WILL RECUSE ITSELF FROM ROGERS' CASE.

The Court chooses the remedy for breach of a plea agreement.  See United States v. Vandam, 493 F.3d at 1206 (noting that "the choice of remedy rests with the court rather than the defendant"). The Court notes that the Tenth Circuit has left the decision of whether a defendant should be

resentenced in front of a different judge or be allowed to withdraw his or her guilty plea to the district courts.  See United States v. Brye, 146 F.3d at 1213 (stating that "it is generally preferable to remand the case to the district court for its determination as to whether [the] defendant should be resentenced to a different judge or should be allowed to withdraw his guilty plea.").  Resentencing usually occurs before a different judge.  See, e.g., United States v. Cachucha, 484 F.3d at 1271; United States v. Mata-Vasquez, 111 Fed.Appx. at 991; United States v. Brye, 146 F.3d at 1213.

Because the Court has found that the United States breached ¶ 9e of its Plea Agreement with Rogers, and the Court read the United States' Response containing the prohibited information, it will recuse itself from Rogers' case.  Rogers did not request that Judge Browning remain on the case. The Court believes that, "[i]n the interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by" assignment to a different judge. Santobello v. New York, 404 U.S. at 263.

Rogers may also desire to withdraw from his plea agreement.  He has not, however, requested such a remedy.  If he desires such a remedy, he remains free to do so.

## II.     THE COURT WILL NOT RULE ON ROGERS' REQUEST FOR A VARIANCE UNDER § 3553(a) OR HIS OBJECTIONS TO THE PSR.

Because the Court has determined that the United States has breached a portion of its Plea Agreement with Rogers, and has recused itself, the Court will not rule on the Defendant's Formal Objections to Pre-Sentence Report, nor on his request for departures and/or variance under 18 U.S.C. 3553(a).  The Court will leave these decisions for another judge untainted by the United States' response to Rogers' variance arguments.  In its new response, the United States must be careful to not oppose Rogers' argument that the Court should vary from the advisory guideline sentence because the calculated guideline sentence overrepresents his criminal history.

**IT IS ORDERED** that the United States withdraw United States' Response to Defendant's Objections to Presentence Report and Defendant's Sentencing Memorandum (Doc. 45) and resubmit a response that corresponds with its obligation in paragraph 9e of the Plea Agreement at 5-6. The Defendant shall withdraw Defendant's Reply to United States' Response to Defendant's Objections to Pre-Sentence Report and Defendant's Sentencing Memorandum (Doc. 46), and resubmit a reply in response to the United States' new response ordered above.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

Larry Gomez
   Acting United States Attorney
Gregory James Fouratt
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      _Attorneys for the Plaintiff_

Daniel J. Tallon
Albuquerque, New Mexico

      _Attorney for Defendant_